IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 5:17-cr-56 (MTT) |
| ) | |
| JESSIE LEE HALL, JR., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Federal prisoner Jessie Lee Hall, Jr., proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). For the following reasons, the motion (Doc. 202) is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon motion by the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a *court*

> may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement and commentary found at U.S.S.G. § 1B1.13, which were promulgated before the enactment of the First Step Act of 2018, provide guidance on the grounds for compassionate release, specifically on what constitutes "extraordinary and compelling" reasons warranting a sentence reduction. Only four circumstances qualify as

extraordinary and compelling reasons.  First, extraordinary and compelling reasons may exist based on the medical condition of the prisoner if the prisoner is suffering from a terminal illness or the prisoner's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process.  § 1B1.13 cmt. n.1(A).  Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the prisoner is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.  § 1B1.13 cmt. n.1(B).  Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the prisoner's minor child or children dies or is incapacitated, or when the prisoner's spouse or registered partner becomes incapacitated and the prisoner would be the only available caregiver for the spouse or registered partner.  § 1B1.13 cmt. n.1(C).  Fourth, referred to as the "catch-all" provision, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists.  § 1B1.13 cmt. n.1(D).

      The Eleventh Circuit has held that this policy statement and commentary are applicable to, and limit, prisoner-filed motions for compassionate release.  *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  Moreover, the fourth or "catch-all" circumstance applies only to compassionate release determinations made by the

Director of the Bureau of Prisons. *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (summarizing *Bryant*).

Accordingly, for Hall to establish that extraordinary and compelling reasons exist and warrant a sentence reduction, he must establish that he is not dangerous and that he falls within one or more of the three applicable circumstances defined in the policy statement's commentary. *Bryant*, 996 F.3d at 1253 ("If [the prisoner] is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted.").

**A. Whether Hall has Shown an Extraordinary and Compelling Reason**

Hall argues that he can establish extraordinary and compelling reasons in multiple ways. However, because he has failed to establish that his circumstances fit within any of those listed in the applicable policy statement, his arguments fail.

First, Hall is African-American and has hypertension, hyperlipidemia, obesity, and prediabetes. Doc. 202 at 23. He also has a history of smoking. *Id*. at 41. He asserts that each of these factors and conditions place him at an increased risk of a permanent disability or death if he were to contract COVID-19. *Id*. at 23, 42. Furthermore, he states that although he is vaccinated, he has not received the booster and is therefore unprotected. *Id*. at 25.

Second, Hall argues that it is "impossible for [him] … to self-care." *Id*. at 9. Specifically, he asserts that he cannot provide "self-care" because "he cannot take care of or adequately protect himself" from COVID-19. *Id*. Furthermore, he alleges that FCI

Edgefield "ha[s] demonstrated [a] complete inability to protect high risk inmates[.]"  *Id*. at 23.

Next, Hall appears to argue that his wife is sick and unable to care for herself, their family, or both.  *Id*. at 9, 55-57.  And finally, he argues that the Court should consider the "sentence disparity" here because "other parties to this litigation have already been released from incarceration."  *Id*. at 9.

Hall has not established that his increased risk from COVID-19 is an extraordinary and compelling reason to reduce his sentence.  *See* § 1B1.13 cmt. n.1(A)(i).  The heightened risks associated with his potential contraction of COVID-19 do not amount to a "terminal illness."  *Id*.  Moreover, the mere increased likelihood of harm due to having COVID-19 is not enough to warrant a sentence reduction.  *Id*.  Furthermore, Hall has failed to show that his medical conditions leave him unable to provide "self-care."  *See* § 1B1.13 cmt. n.1(A)(ii).  Although he argues that protection against COVID-19 is in the hands of FCI Edgefield—Hall is still able to engage in "self-care."  Doc. 202 at 9.

Hall has also not established that his wife is incapacitated.  Despite devoting an entire section in his brief to "family circumstances" and citing multiple cases concerning incapacitated spouses, Hall has not established—or even argued—that his wife is in fact sick.  *See* Doc. 202.  And even if Hall did establish her incapacity, he has not shown that he is the only available alternative caregiver.  *See* § 1B1.13 cmt. n.1(C).

Finally, sentencing disparity is not considered an extraordinary and compelling reason and is therefore not considered.  *See Bryant*, 996 F.3d 1243.

Because Hall has not established that extraordinary and compelling reasons exist as defined by § 1B1.13, he is not entitled to the relief that he seeks.

**B. Section 3553(a) Factors**

As noted, a prisoner in this circuit is ineligible for a reduction if he or she does not establish that extraordinary and compelling reasons, as defined by U.S.S.G. § 1B1.13, exist. *Bryant*, 996 F.3d at 1254. If the prisoner has established extraordinary and compelling reasons, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted." *Id*. Logically, if a prisoner has not established an extraordinary and compelling reason, there is no need to address the § 3553(a) factors. However, because of arguably conflicting authority,[1] and the Court's desire to thoroughly address the merits of Hall's motion, the Court will consider the § 3553(a) factors relevant to his circumstances.

The Court finds that the § 3553(a) factors weigh against a reduction in Hall's sentence. Hall argues that he was convicted of a non-violent offense, he is not a danger to society, and he has learned from his mistakes. Doc. 202 at 65, 67, 70. In these arguments, he has not provided specific instances or examples to support his conclusions. *Id*. Hall simply acknowledged his wrongdoing, stating that "he now

---

[1] In *United States v. Cook*, the Eleventh Circuit reversed a district court's denial of an inmate's motion for compassionate release because the district court had not analyzed the applicable § 3553(a) factors, despite a finding that the prisoner had not first established an extraordinary and compelling reason warranting a sentence reduction. 998 F.3d 1180, 1184 (11th Cir. 2021) ("[A]n order granting or denying compassionate release … must indicate that the court considered the applicable [§ 3553(a)] factors."). As a result of *Cook*, several district court orders denying compassionate release were reversed for not addressing the applicable § 3553(a) factors. *United States v. Janwatanagool*, 849 F. App'x 905, 906 (11th Cir. 2021); *United States v. Lonergan*, 859 F. App'x 464 (11th Cir. 2021); *United States v. Adams*, 2021 WL 4227704 (11th Cir. Sept. 16, 2021). But then, in *United States v. Giron*, the Eleventh Circuit held that "[w]hen denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." 15 F.4th 1343, 1347 (11th Cir. 2021).

accepts full responsibility for his actions … he further realizes that he must still face collateral consequences attached to his actions and this judgment will continue long after he has been released." *Id*. at 65.

Hall pleaded guilty to conspiracy to commit sex trafficking, transportation for illegal sexual activity, and inducement to travel to engage in criminal sexual activity. Doc. 137 at 1.  The Court sentenced Hall to 240 months in prison, for which he has served less than 60 months.  Docs. 137 at 6; 151.  Furthermore, Hall has an extensive criminal history.  Doc. 137 at 15-27.

In considering a sentence reduction, the Court examines "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553 (a)(2)(A). Because Hall was convicted of three serious offenses and has served less than 25 percent of his sentence, the Court does not find that the § 3553(a) factors weigh in favor of a sentence reduction.

In conclusion, Hall has failed to establish that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors weigh in favor of his early release.  Accordingly, Hall's motion for compassionate release (Doc. 202) is **DENIED**.

**SO ORDERED**, this 24th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
